IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Joel Flores, | ) | No. CV 06-0964-PHX-ROS (JM) |
| Plaintiff, | ) ) | REPORT AND RECOMMENDATION |
| vs. | ) ) | |
| Trujillo, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

In accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice of the United States District Court for the District of Arizona, this case was referred to the Magistrate Judge for all pretrial proceedings and report and recommendation. Defendants filed a Motion to Dismiss [Docket No. 12] pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a). For the reasons explained below, Magistrate Judge Marshall recommends that the District Court, after an independent review of the record, grant the Motion and dismiss the Complaint [Docket No. 1] with prejudice due to the Plaintiff's failure to prosecute this action.

Plaintiff filed *pro se* the above-titled civil rights action pursuant to 42 U.S.C. § 1983 on April 5, 2006 and filed an amended complaint on June 6, 2006, complaining about the conditions at the Arizona State Prison Complex-Eyman. By Order dated September 7, 2006, Defendants Diaz and Volk were directed by District Judge Silver to answer Plaintiff's claims in Count I of the Amended Complaint and Defendant Trujillo was directed to answer Count

1 III of the Amended Complaint. [Docket No. 7]. In the same Order, the Clerk of Court was
2 ordered to send service packets to the Plaintiff, and the Plaintiff was ordered to file a notice
3 of a change of address as necessary and warned that the failure to do so could result in
4 dismissal. [*Id.*] Plaintiff was warned that the failure to comply with any provision of an order
5 issued in this matter may result in the dismissal of the action for failure to prosecute pursuant
6 to Rule 41(b) of the Federal Rules of Civil Procedure. [*Id.*]

7 The service packets were returned and the Defendants executed waivers of service on
8 October 25, 2006 [Docket Nos. 9, 10 & 11]. On December 1, 2006, Defendants filed a
9 Motion to Dismiss [Docket No. 12]. On December 6, 2006, the Magistrate Judge issued an
10 Order directing Plaintiff to respond to the Motion to Dismiss by January 17, 2007, and
11 warning Plaintiff that the Court "may, in its discretion treat your failure to respond to
12 Defendants' Motion to Dismiss as a consent to the granting of that Motion without further
13 notice . . . ." [Docket No. 13]. As of the date of this Order, Plaintiff has not responded to the
14 Motion.

15 As the Plaintiff has failed to timely to respond to the Motion to Dismiss, despite
16 warnings directing him to do so, he has failed to pursue the prosecution of his case. He is
17 in violation of Judge Silver and Magistrate Judge Marshall's Orders. As such, dismissal of
18 this action with prejudice is appropriate. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244
19 F.3d 855, 858-59 (9th Cir. 2001) (dismissal for failure to prosecute acts as an adjudication on
20 the merits).

21 **Recommendation**

22 Based on the foregoing, the Magistrate Judge **recommends** that the District Court,
23 after its independent review, issue an Order **granting** the Motion to Dismiss [Docket No. 12]
24 and **dismissing** this matter with prejudice.

25 This Recommendation is not an order that is immediately appealable to the Ninth
26 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
27 Appellate Procedure, should not be filed until entry of the District Court's judgment.

28

1  However, the parties shall have ten (10) days from the date of service of a copy of this
2  recommendation within which to file specific written objections with the District Court. *See*
3  28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.
4  Thereafter, the parties have ten (10) days within which to file a response to the objections.
5  If any objections are filed, this action should be designated case number: **CV 06-0964-PHX-**
6  **ROS**. Failure to timely file objections to any factual or legal determination of the Magistrate
7  Judge may be considered a waiver of a party's right to *de novo* consideration of the issues.
8  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).
9  DATED this 23rd day of January, 2007.

*[signature]*
Jacqueline Marshall
United States Magistrate Judge